CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

BENJAMIN K. KLEINMAN (NYBN 5358189)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   Benjamin.kleinman2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:23-cr-00199 YGR |
|    Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
|    v. | |
| NAJEE ERIC THOMPSON, | Hearing Date: November 6, 2025<br>Time: 9:00 a.m.<br>Judge: Hon. Yvonne Gonzalez Rogers |
|    Defendant. | |

## I. INTRODUCTION

The defendant, Najee Eric THOMPSON, is a convicted pimp who trafficked between 53 and 77 firearms from Wichita, Kansas and the Phoenix, Arizona area to the East Bay between May 12, 2020, and August 24, 2022. PSR ¶¶ 7, 38-39. Specifically, the defendant has a 2014 felony conviction in Hayward, California for Pimping, and a 2021 felony conviction for Pandering a Person for Prostitution in Oakland, California, for conduct that occurred in 2018. PSR ¶¶ 38-39. Despite the 2021 conviction, the defendant trafficked firearms in the instant matter while on felony probation. Dkt. 59 (Plea Agreement), pg. 3.

On June 29, 2023, a two count Indictment was filed in the Northern District of California. PSR ¶ 1. Count One charged the defendant with a violation of 18 U.S.C. § 922(a)(1)(A), dealing firearms

GOVERNMENT SENTENCING MEMO     1
4:23-cr-00199 YGR

1  without a license, and Count Two charged the defendant with a violation of 18 U.S.C. § 924(n), travel
2  within the United States with intent to violate 18 U.S.C. § 922(a)(1)(A). *See id.* The defendant pled
3  guilty to Count One (dealing firearms without a license) of the Indictment on January 9, 2025, and the
4  government, in pertinent part, agreed to dismiss Count Two (traveling within the United States with the
5  intent to violate 18 U.S.C. § 922(a)(1)(A)) at the time of sentencing. The next month, the defendant was
6  arrested in Oklahoma City, which in and of itself was a clear violation of his release conditions; the
7  Oklahoma County District Attorney's Office charged the defendant with a litany of felony offenses,
8  including felon in possession of a firearm. PSR ¶ 5.

9  The defendant's guideline imprisonment range is 87 to 108 months. PSR ¶ 76. Therefore,
10 defendant's range exceeds the statutorily authorized maximum term of imprisonment for firearms
11 trafficking (Count One), which is 60 months. The government respectfully recommends a term of 60
12 months' imprisonment and 3 years' supervised release as the defendant has demonstrated an inability to
13 follow the Court's instructions and lead a law-abiding life.

14 **II.   SENTENCING GUIDELINES CALCULATION**

15 <u>The PSR Accurately Calculates the Offense Level</u>

16 The government agrees with the offense level as set forth in the PSR. PSR ¶¶ 20-31. The PSR
17 calculates the offense level as follows:

| **Count 1: Dealing Firearms without a License (18 U.S.C. § 922(a)(1)(A))** | | |
|---|---|---|
| | **U.S.S.G. Section** | **Level** |
| Base offense level | § 2K2.1 – the offense involved a large capacity magazine and at the time of the offense the defendant was on felony probation for pandering a person for prostitution | 20 |
| Specific Offense Characteristics | § 2K2.1(b)(1)(C) – the defendant trafficked between 53 to 77 firearms | +6 |
| Specific Offense Characteristics | § 2K2.1(b)(5) – the defendant engaged in the trafficking of firearms | +4 |
| Acceptance of responsibility | § 3E1.1 | -3 |
| Total offense level | | 27 |

The government also agrees with the PSR's calculation that the defendant has a criminal history score of six, which established a criminal history category (CHC) of III. PSR ¶ 42. With a total offense level of 27 and a CHC of III, the advisory guidelines range is 87-108 months' imprisonment. PSR ¶ 76.

### III.  SENTENCING RECOMMENDATION

#### A. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant; and

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

#### B. The Government's Recommended Sentence

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a sentence of 60 months' imprisonment, three years' supervised release, a $100 special assessment, and forfeiture. While the government's recommendation is the statutory maximum term of imprisonment pursuant to 18 U.S.C. § 922(a)(1)(A), it is still 27 months below the low end of the defendant's guidelines; the government's sentence is sufficient but not greater than necessary to accomplish the goals of sentencing.

The government's recommended sentence reflects the dangerous nature and circumstances of the offense and the history and characteristics of the defendant. Here, the defendant was a prolific firearms trafficker. The defendant caused significant harm to communities in the Bay Area by selling between 53 and 77 firearms; multiple firearms trafficked by Thompson have already been recovered in crimes in the Bay Area. PSR ¶ 9. Unfortunately, the firearms trafficked by the defendant are often used to commit violent felonies, such as gunpoint robberies. PSR ¶ 10.

Moreover, the defendant committed this crime while on felony probation in 2021 showing a total disregard for the law. The defendant's apparent inability to follow the Court's instructions continued throughout the pendency of this case. Almost immediately after the defendant pled guilty in the instant matter, he was arrested in Oklahoma, a state in which he had no permission to visit, where he allegedly possessed a firearm. PSR ¶ 5. The defendant's actions in the instant matter posed a significant danger to the community, previous sentences have not deterred his criminal conduct, and a 60-month term of imprisonment is appropriate.

The defendant's use of female straw purchasers is also a cause for concern. The defendant typically met the women who he ultimately used to purchase the firearms on his behalf on dating websites. PSR ¶ 16. The defendant typically entered into a romantic relationship with these women, and in some cases, he would proposition them to come to California to "work" for him as prostitutes. PSR ¶¶ 14, 16. For example, T.D., a straw purchaser in Arizona, told agents that the defendant would tell T.D. which firearms to purchase and provide T.D. with $50 for each firearm T.D. bought. PSR ¶ 14. T.D. also told agents that T.D. came to California to work as a prostitute for the defendant. *See id.* T.D. reported that when she decided to stop purchasing firearms for the defendant, he threatened T.D. *See id.* To summarize, the defendant was working as a pimp and a firearms trafficker while on probation for pandering a person for prostitution. The defendant's threats and dangerous behavior further demonstrates his lack of respect for the law.

In examining the defendant's criminal record, his prior sentences have not appeared to significantly change his behavior as he has violated his probation and pretrial release conditions on numerous occasions. A 60-month term of imprisonment is necessary to promote respect for the law, reflects the seriousness of the offense, and provides adequate deterrence for the defendant's criminal

conduct. The defendant's longest previous sentence was 3 years' imprisonment. PSR ¶ 38. Regarding the defendant's behavior while on supervision, the defendant has had post release community supervision violations in 2015 and 2016 and committed the instant offense while on probation in 2021. In this case, pretrial supervision violations were filed in October 2023, and in January, July, and November of 2024. Perhaps most troubling of all was that in February 2025 the defendant absconded from his release conditions after he pled guilty, at a time when he had increased incentives prior to sentencing to abide by the law. The defendant was ultimately arrested in a car with a gun under the seat and appeared to be pimping out one of the women. PSR ¶ 46. The defendant was charged with human trafficking, felon in possession of a firearm, and other related crimes. *See id.* The defendant's charges in Oklahoma appear to have many of the same elements present in the instant matter. While the government acknowledges the defendant denies the charges and these are mere accusations, the defendant should not have been in Oklahoma in the first place. The government's recommendation promotes respect for the law and adequate deterrence under the circumstances; the defendant has not demonstrated that his sentence should be more than the 27 months below his guidelines already recommended by the government. The government's sentence is sufficient but not greater than necessary to accomplish the goals of sentencing.

The government also acknowledges that the defendant had a traumatic, unstable childhood and suffers from drug addiction. Yet, many of the mitigating factors outlined in the PSR were already taken into account as part of the plea. The government is dismissing Count Two as part of the plea agreement, and the government's recommendation is well below the defendant's guidelines. The government's recommendation is also well below the average and median length of imprisonment imposed for similar sentences according to the JSIN data. PSR ¶ 92.

//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the United States recommends that the Court sentence the defendant to 60 months' imprisonment, three years' supervised release, a $100 special assessment, and forfeiture.

DATED: October 30, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Benjamin K. Kleinman*
BENJAMIN K. KLEINMAN
Assistant United States Attorney